10-1282-cr
United States v. Bolino



# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT:   AMALYA L. KEARSE,
           JOHN M. WALKER, JR.,
           REENA RAGGI,
                   *Circuit Judges.*

-----------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                *Appellee*,

                v.                                                      No. 10-1282-cr

MICHAEL BOLINO, a.k.a. Ba Ba, a.k.a. Bo Bo,
a.k.a. Curly,
                                *Defendant-Appellant*,

MICHAEL ANGELO SOUZA, a.k.a. Mickey, ANTHONY SOUZA, a.k.a. Ant, NICHOLAS BRUNO, a.k.a. Nicky, SHELTON WILLIS, a.k.a. Shel, EMANUEL RUTA, a.k.a. Manny, CHARLES FUSCO, DONATO DiCAMILLO, CHARLES McCLEAN, a.k.a. Chucky,
                                *Defendants*.*
-----------------------------------------------------------------------------------

---

   * The Clerk of the Court is directed to amend the official caption to read as shown above.

MANDATE

MANDATE ISSUED ON 12/30/2011

| | |
|---|---|
| APPEARING FOR APPELLANT: | JANE S. MEYERS, Esq., Brooklyn, New York. |
| APPEARING FOR APPELLEE: | ELIZABETH A. GEDDES, Assistant United States Attorney, Of Counsel (Susan Corkery, Assistant United States Attorney, Of Counsel, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the judgment entered on March 30, 2010, is DISMISSED and the case is REMANDED.

Defendant Michael Bolino, who pleaded guilty to conspiracy to collect an extension of credit by extortionate means, see 18 U.S.C. § 894(a)(1), appeals his 240-month prison sentence. Bolino acknowledges that his plea was entered pursuant to an agreement whereby he promised, inter alia, neither to seek a sentence of less than 240 months' incarceration nor to appeal or otherwise challenge his conviction if he were sentenced at or below 240 months, in return for which the government agreed, inter alia, to move at sentencing for dismissal of other charges relating to Bolino's criminal activities as an associate of the Colombo organized crime family. Nevertheless, Bolino asserts that he is entitled to appeal his sentence because his plea was not knowing and voluntary and, in any event, any waiver of appeal was superseded when the district court advised him of his right to appeal after sentence. In addressing these arguments, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the appeal.

2

1.  Appeal Waiver

We will enforce a plea agreement's waiver of the right to appeal a sentence except in limited circumstances, such as when "the waiver was not made knowingly, voluntarily, and competently." United States v. Buissereth, 638 F.3d 114, 118 (2d Cir.) (internal quotation marks omitted), cert. denied ___ S. Ct. ___, 2011 WL 4532329 (2011); see United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (stating that waivers of right to appeal are otherwise presumptively enforceable). Bolino submits that he fits within this narrow exception because his decision to plead guilty was premised on misinformation that he qualified for a career offender enhancement under U.S.S.G. § 4B1.1. The point warrants little discussion. If there were merit to the claim, it might support vacatur of Bolino's guilty plea—relief which he makes clear he does not seek—but not resentencing. See United States v. Monzon, 359 F.3d 110, 118 (2d Cir. 2004). In fact, however, the claim is without merit.

Although Bolino first pleaded guilty pursuant to a stipulation that he was a career offender, with a resulting Guidelines range of 210 to 240 months' imprisonment, the Pre-Sentence Report ("PSR")—which the district court adopted—corrected this error before sentencing, resulting in a Guidelines prison range of 33 to 41 months. Because Bolino did not thereafter seek to withdraw his plea or to renounce the plea agreement, he cannot demonstrate that, but for misinformation about his career offender status, he would not have entered the plea. See generally United States v. Vaval, 404 F.3d 144, 152 (2d Cir. 2005) ("Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there

3

can be no 'reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea,' and the plain error standard is not met." (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004) (alteration in original)).

Bolino's decision was likely informed by the disclosure of a more serious error in the material provided at his initial plea allocution. Rather than face an indeterminate sentence of zero to 20 years, as stated in his plea agreement, Bolino was subject to a mandatory sentence of life imprisonment by virtue of the government's filing of a violent felony offender information, <u>see</u> 18 U.S.C. § 3559(c)(1), (4). Only if the government moved for dismissal of that information, which the government represented it would do if Bolino fulfilled his plea agreement obligations, would the maximum term be reduced to 20 years. After clarifying these circumstances at a status conference on December 10, 2009, the district court afforded Bolino an opportunity to disavow the plea agreement and to withdraw his guilty plea, which he declined. At another status conference on December 14, 2009, the district court reiterated Bolino's right to withdraw his plea, which Bolino, who had now consulted with new counsel, again refused. Counsel re-confirmed that refusal on January 13, 2010, at which conference Bolino effectively signaled his continued commitment to the plea agreement by disputing the government's charge of breach, a matter resolved in his favor.

On this record, we can confidently conclude that no initial error in characterizing Bolino as a career offender rendered his decision to adhere to his guilty plea and plea agreement unknowing, involuntary, or incompetent so as to render his appeal waiver with respect to a 20-year sentence unenforceable.

2. <u>Sentencing Notice of Right To Appeal</u>

Nor is the appeal waiver rendered unenforceable because the district court informed Bolino at the conclusion of the sentencing hearing that he had ten days to file a notice of appeal. "[A]n otherwise enforceable waiver of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal." <u>United States v. Fisher</u>, 232 F.3d 301, 304 (2d Cir. 2000). Bolino cannot demonstrate that he justifiably relied on the district court's statement at sentencing, rather than on the district court's and his own statements at the plea allocution concerning his agreement to waive the right to appeal. <u>See</u> <u>id.</u>

3. <u>Remaining Arguments</u>

Because Bolino's appeal waiver is enforceable, we do not reach the merits of his claim that his 240-month sentence is defective because he was never in fact subject to a mandatory life sentence under 18 U.S.C. § 3559(c)(1). As for Bolino's contention that his judgment of conviction is invalid because it includes a mandatory $100 special assessment that the district court did not impose at the sentencing hearing, any error was harmless. <u>See</u> <u>United States v. Pagan</u>, 785 F.2d 378, 380–81 (2d Cir. 1986) (holding that district court's inclusion of mandatory special assessment in judgment of conviction after not imposing it at sentencing hearing "was harmless error because the assessment was mandatory and, therefore, the defendant's presence could not have affected its imposition"). Finally, we do not understand the district court's description of Bolino as a "career offender" in its statement of reasons to reference the career offender Guidelines but, rather, the district court's factual finding that

5

Bolino had engaged in a life of crime, which supported imposition of an above-Guidelines sentence of 240 months' imprisonment. Nevertheless, to avoid any possible confusion by prison authorities, we remand for the limited purpose of having the district court modify its statement of reasons to avoid use of the term "career offender," an action that does not require the presence of the parties.

4.  Conclusion

For the foregoing reasons, we DISMISS this appeal but REMAND for further proceedings consistent with this order.

>FOR THE COURT:
>CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6