UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                           :

UNITED STATES OF AMERICA,        :    **MEMORANDUM**

                           :    **DECISION & ORDER**

       - against -            :

                           :    06-cr-0806 (BMC)

MICHAEL BOLINO,             :    16-cv-3796 (BMC)

                           :

             Defendant.       :

                           :
------------------------------------------------------------- X

**COGAN**, District Judge.

     Defendant Michael Bolino, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2255 from the sentence imposed on him after he pleaded guilty to conspiracy to collect a debt by extortion. His motion is denied.

## BACKGROUND

     The rather convoluted proceedings leading to defendant's guilty plea are mostly set forth in the Second Circuit's decision on his appeal, substantially affirming his sentence. See United States v. Bolino, 450 F. App'x 47 (2d Cir. 2011). To summarize, defendant pleaded guilty, pursuant to a plea agreement, to conspiring to use extortion to collect a debt, 18 U.S.C. § 894(a)(1), one of the six counts with which he had been charged. The other five counts, all dismissed at sentencing, were: conspiracy to assault in aid of racketeering, 18 U.S.C. § 1959(a)(6); conspiring to make extortionate extensions of credit, 18 U.S.C. § 892(a); conducting an illegal gambling business, 18 U.S.C. § 1955(a); conspiring to commit bank robbery, 18 U.S.C. § 371; and using extortion to collect credit, 18 U.S.C. § 894(a)(1).

At the time of his sentencing, defendant had the following prior convictions, among others: (1) a 1980 conviction for federal bank robbery for which he was sentenced to 10 years' imprisonment; and (2) 1996 convictions for Hobbs Act robbery, 18 U.S.C. § 1951(a), and for using or carrying a firearm during and in relation to that robbery, 18 U.S.C. § 924(c), for which he was sentenced to a total of 97 months' imprisonment.

Based on these prior convictions, the Government filed a "prior felony information" notice in the instant case (the "Notice"), triggering the application of the "three-strikes" statute, 18 U.S.C. § 3559(c). That statute, in essence, provides that a defendant convicted of three "serious violent felonies," a defined term, faces a mandatory sentence of life imprisonment. Because of defendant's 1980 and 1996 convictions, the parties believed that if he were convicted of any of the six counts in this case that were "serious violent felonies," he would receive the mandatory life sentence.

To avoid that risk, defendant entered into the plea agreement and pleaded guilty to the single count of conspiracy to use extortion to collect a debt. If that count constituted a "serious violent felony" under § 3559(c), defendant would still qualify as a three-strike offender and receive mandatory life. However, in exchange for defendant stipulating to an above-Guidelines sentence of 240 months' custody, the Government agreed (albeit implicitly) to seek dismissal of the Notice. That it did, and Judge Townes, to whom this case was previously assigned, granted the Government's motion to dismiss the Notice, as well as the open counts, when she sentenced defendant to 240 months.

**DISCUSSION**

Defendant's habeas motion is only an indirect challenge to his sentence in this case. In essence, he contends that his plea agreement was entered into under a mutual mistake that only

became apparent with the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). As noted above, defendant entered into the plea agreement to avoid a mandatory life sentence under § 3559(c). But defendant contends that, in fact, he never faced exposure under § 3559(c) because one or more of his prior convictions do not qualify as "strikes" in light of <u>Johnson</u>, and so he could not have had three strikes even if he had been convicted of a serious violent felony in this case.

Defendant does not contest that his 1980 conviction qualifies as one "strike" under § 3559(c). Nor does he dispute that at least some of the six charges in this case exposed him to another strike. Rather, he contends that, pursuant to <u>Johnson</u>, his 1996 conviction for Hobbs Act robbery was not a "serious violent felony" as defined in § 3559(c)(2)(F) and thus did not qualify as a strike. He then separately argues that Hobbs Act robbery is also not a "crime of violence" under 18 U.S.C. § 924(c), again relying on <u>Johnson</u>. And because the predicate for a § 924(c) conviction must be a crime of violence, defendant reasons that, if Hobbs Act robbery does not qualify, his 1996 conviction for using or carrying a firearm during and in relation to a crime of violence "violated his [F]ifth [A]mendment right to due process in light of <u>Johnson</u>." If these premises are accepted, even with a conviction in this case that counted as a strike under § 3559(c), defendant would still have only two strikes. Therefore, defendant argues, his guilty plea to the plea agreement was unknowing.

Defendant's analysis is flawed in several respects. Moreover, even if it were correct, it would have such negative ramifications for defendant that it strains credulity to find that he really wants the relief that would follow from his request.

First, and most importantly, a Hobbs Act robbery is a "crime of violence" under § 924(c). The Second Circuit has squarely so held, and recently. <u>United States v. Hill</u>, 832 F.2d 135, 144,

150 (2d Cir. 2016) (holding that Hobbs Act robbery is a crime of violence under the "force" or "elements" clause in § 924(c)(3)(A) well as under the "risk-of-force" or "residual" or clause in § 924(c)(3)(B)).

A conviction qualifies as a "crime of violence" if it satisfies either the elements clause or the residual clause in § 924(c)(3).  Johnson's invalidation of the residual clause in § 924(e)(2)(B)(ii) has no bearing on the elements clause in that or any other statute.  Neither does the Supreme Court's recent decision in Sessions v. Dimaya, No. 15-1498 (April 17, 2018), in which the Supreme Court held unconstitutionally vague another, similar residual clause, 18 U.S.C. § 16(b), because it possessed the same two-layered indeterminacy as the ACCA residual clause at issue in Johnson.[1]  Whether the residual clause in § 924(c)(3) survives Dimaya has no bearing on this case because defendant's 1996 conviction for Hobbs Act robbery qualifies as a serious violent felony under the elements clause.  Therefore, even in light of Johnson and Dimaya, defendant's conviction for a serious violent felony in this case would have been his third and final strikes but for the Government's willingness to withdraw the Notice.

Second, even if the Second Circuit had concluded that Hobbs Act robbery is not a crime of violence under the elements clause in Hill, defendant could not receive the relief he seeks.  His conviction under § 924(c) for using or carrying a firearm during and in relation to a crime of violence would still qualify as a second strike because § 924(c) is listed in the enumerated-offense clause of § 3559(c)(2)(F)(i).  The Supreme Court's reasoning in Johnson and Dimaya does not apply to defendant's conviction under an enumerated-offense provision.

---

[1] The Supreme Court decided Sessions v. Dimaya while this motion was *sub judice*.  It is inapplicable here for reasons similar to those making Johnson inapplicable.  Dimaya does, however, reject one the arguments that the Government made in opposing this motion – that the residual clause in § 3559(c) is distinguishable from the residual clause invalidated in Johnson.

In addition, the motion in this case is entitled "motion to vacate, set aside, or correct *sentence*" under 28 U.S.C. § 2255 (emphasis added). Defendant's second argument is not simply a matter of recharacterizing the § 924(c) conviction as falling outside of § 3559(c). Even if – hypothetically – I was to accept defendant's argument that, contrary to <u>Hill</u>, his conviction for Hobbs Act robbery was not a "crime of violence," and that therefore his § 924(c) conviction was invalidly imposed, that would require me to vacate that conviction, not remand for resentencing in this case. I am unaware of any authority that would allow me to set aside and invalidate a prior conviction as part of issuing habeas corpus relief pursuant to a motion challenging the sentence on a different conviction. In other words, defendant's second argument is not properly before this Court because the sentence he challenges in this motion is not the one imposed on him for his conviction under § 924(c).

Finally, a mere resentencing in this case, as the instant motion requests, would not be the appropriate remedy even if the Court agreed with defendant's legal theories. Defendant is not permitted to cherry-pick those parts of his plea agreement that he likes – a plea to the single count of extortion conspiracy, plus dismissal of the other counts and the Notice – while jettisoning the part that he doesn't like – the stipulation to a 240-month sentence. Rather, if his legal theory is correct, it means that the premise of the entire plea agreement was the result of a mutual mistake, and therefore defendant's plea pursuant to that agreement was not knowing and voluntary. Defendant would then face all six counts at a trial.

This practical aspect, however, need not be weighed because, as shown above, defendant received exactly the deal he thought he was receiving. If convicted of a serious violent felony in this case, he would have faced mandatory life imprisonment. <u>Johnson</u> (and <u>Dimaya</u>) do not change that.

## CONCLUSION

Defendant's motion for habeas corpus relief is denied.  A certificate of appeal is denied as the case presents no substantial constitutional questions. <u>See</u> 28 U.S.C. § 2254(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 20, 2018