UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**DECISION AND ORDER**
MICHAEL BOLINO,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　06-cr-0806 (BMC)
　　　　　　　　　Defendant.　　　　　　　　　　　　　:
-----------------------------------------------------------X

**COGAN**, District Judge.

On March 11, 2010, the late Judge Sandra Townes sentenced defendant to a term of 240 months' custody in prison. His projected release date is June 18, 2024. Through counsel, he has filed a motion for compassionate release pursuant to the First Step Act amendments to 18 U.S.C. § 3582, alleging that he suffers from some serious medical conditions.

The First Step Act provides, in part, that

> the court … upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment …

18 U.S.C. § 3582(c)(1)(A). The First Step Act expanded the criteria for compassionate release and provided defendants with the opportunity to challenge the Bureau of Prisons' ("BOP") denial of compassionate release in federal district court; however, the law did not alter the requirement that prisoners must first exhaust their administrative remedies before seeking judicial relief. See United States v. Hassan, No. Cr-10-187, 2019 WL 6910068, at *1 (D. Minn. Dec. 19, 2019) (A defendant "must exhaust her administrative remedies before seeking judicial relief, or she must show that she submitted a request for compassionate release and that 30 days have lapsed since the request was submitted [without action by the BOP]."); United States v.

Davis, No. 15-cr-20067, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019); United States v. Keith, No. CR-16-62, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019); United States v. Koch, No. 01-cr-83, 2019 WL 3837727, at *2 (E.D. Ky. Aug. 14, 2019); United States v. Brewington, No. 12CR9-007, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019); United States v. Solis, No. CR-16-15, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019).

A BOP Program Statement outlines the administrative appeal process in detail. See Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The BOP's Program Statement explains that a prisoner seeking a compassionate release must first file a request with the prison warden asking the BOP to move for compassionate release on the prisoner's behalf. See id. at 3 (citing 28 C.F.R. § 571.61). If the prison warden denies that request, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. See id. at 15 (citing 28 C.F.R. § 571.63). Thus, the same exhaustion procedure for routine administrative grievances (i.e., the use of forms BP-9 through BP-11) applies to requests for compassionate release.

In his motion, defendant represented that "[a]ll administrative remedies for seeking compassionate release directly from the BOP have been exhausted, hence this motion." However, he attached no documents or proof that he has done so, such as the warden's denial, proof of an appeal, or the BOP's final agency action.[1] As the cases cited above demonstrate, a defendant cannot proceed with his motion without submission of such proof.

---

[1] He has also not submitted any proof that he has or suffers from the medical conditions described in the motion. If he renews this motion after proper exhaustion, he would do well to submit sufficient medical records to support his allegations.

It is therefore unsurprising that in its opposition to the motion, the Government explains that defendant has not exhausted his application with the BOP – the Government asserts that he may have taken the initial step of filing his application with the warden of his facility (although defendant has not even attached a copy of that to his motion), but he has neither represented nor shown that he pursued an initial denial through the next level of appealing to the Regional Director and, if unsuccessful there, to the General Counsel of the BOP.  See 28 C.F.R. § 571.63(a) (incorporating by reference 28 C.F.R. Part 542, subpart (B)).  Faced with the Government's defense of non-exhaustion, defendant, in his reply in support of his motion, makes no mention of exhaustion at all, effectively conceding that the Government's argument is correct.

The submission of a sufficient record to show exhaustion, at least to the extent of the General Counsel's rejection of an appeal, is fundamental to this Court's function in deciding a compassionate release motion.  Congress clearly wanted these applications decided at the administrative level if possible.  It is therefore particularly important to at least give the BOP an opportunity to state its reason for denying the application so that the court can review those reasons.  Cf. 28 U.S.C. § 571.3(b) ((b) (when rejecting an appeal, the General Counsel "shall provide the inmate with a written notice and statement of reasons for the denial")).

The standard of review in this Court under 18 U.S.C. § 3582(c) is very likely *de novo*, but it is still a review function, not one of *nisi prius*; otherwise, a defendant could "exhaust" a claim by writing nothing more than "I need compassionate release" on the BP-9 through BP-11 forms, and then presenting a different, far more substantive application to the district court after the BOP understandably rejected his application. This would eviscerate the exhaustion requirement. A court must have the record so that it can determine whether there are material differences

between the application rejected by the BOP and the one placed before the Court; if there are, then the claim has not been exhausted.[2]

For these reasons, defendant's motion for a compassionate release [520] is denied without prejudice to renewal after exhaustion of his administrative remedies.

**SO ORDERED.**

                                                                             U.S.D.J.

Dated: Brooklyn, New York
        December 30, 2019

---

[2] In the event that a defendant cannot obtain, for some good reason, copies of his administrative claim at each level, the Court could direct the BOP to provide it. But to warrant that direction, the defendant would have to at least dispute the Government's contention that he has failed to exhaust, and explain why he is unable to document it. Defendant has done neither here.