UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
: **MEMORANDUM**
-against- : **DECISION AND ORDER**
:
MICHAEL BOLINO, : 06-cr-806 (BMC)
:
                           Defendant. :
-----------------------------------------------------------X

C/M

**COGAN,** District Judge.

In an order dated August 17, 2020, I denied defendant's motion under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant had asked the Court to reduce his sentence to time served, or alternatively to release him to home confinement, given the combination of his age, medical conditions, and the COVID-19 pandemic. I concluded that these circumstances were not "extraordinary and compelling reasons" for release and that the factors under 18 U.S.C. § 3553(a) weighed in favor of continued custody.

Defendant now moves for reconsideration. He cites Rule 60(b) of the Federal Rules of Civil Procedure, which allows for motions to set aside a judgment on grounds of mistake, inadvertence, neglect, newly discovered evidence, fraud, or any other reason justifying the modification of an order or judgment. Although the rule does not technically apply in a criminal case, the standard is the same under Local Criminal Rule 49.1.[1] United States v. Lisi, No. 15-cr-457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020) (collecting cases).

---

[1] Local Rule 49.1 states that a "motion for reconsideration . . . shall be filed and served within fourteen (14) days after the Court's determination of the original motion." I decline to deny defendant's motion as untimely due to his *pro se* status.

Reconsideration "provides extraordinary judicial relief, when the moving party demonstrates exceptional circumstances." Breslow v. Schlesinger, 284 F.R.D. 78, 82 (E.D.N.Y. 2012) (quotation omitted). The standard for relief is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). However, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

Defendant's motion rests on the Second Circuit's recent decision in United States v. Zullo, No. 19-3218, slip op. (2d Cir. Sept. 25, 2020). The Court of Appeals held that, when a defendant brings a compassionate release motion under the First Step Act, a district court may independently determine what reasons are "extraordinary and compelling." Id. at 2. This holding rejected the "sizeable minority" of cases reasoning that, absent a motion by the Bureau of Prisons, the language in Application Note 1(D) to USSG § 1B1.13 limited the circumstances that a court could consider to matters of poor health, old age, or family care needs. Zullo, slip op. at 12. Under Zullo, therefore, district courts in the Second Circuit are now free "to consider any potentially extraordinary and compelling reasons that a defendant might raise for compassionate release." Id. at 2.

Seeking to avail himself of this standard, defendant advances two more arguments for reconsideration. First, he notes his own struggles with Parkinson's disease, and he has attached an article from *USA Today* addressing the effects of Covid-19 on patients with Parkinson's.

Second, defendant cites an uptick in COVID-19 cases at FCI Butner Medium II, the facility where he is incarcerated. The Bureau of Prisons has now reported thirty positive tests among inmates. See Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus (last visited Oct. 16, 2020).

Although Zullo provides a new the lens through which to view this evidence, it does not change the value of the evidence itself. Neither the motion for reconsideration nor the original motion points to any evidence that would change my conclusion as to compassionate release. Defendant has not provided any medical evidence that his condition has worsened or that he is any more at risk than when I denied the motion. And though I note the increase in cases, the fact remains that, of the intimates who have been tested, less than ten percent have tested positive. See United States v. Ellis, No. 96-cr-100, 2020 WL 5802312, at *2 (E.D.N.Y. Sept. 29, 2020); see also United States v. Ballance, No. 16-cr-617, 2020 WL 5517299, at *2 (E.D.N.Y. Sept. 14, 2020). Thus, the evidence that supports defendant's motion for reconsideration is the same evidence that I considered and rejected when denying his original motion for compassionate release. Therefore, exercising my discretion under Zullo, I again conclude that these circumstances do not constitute extraordinary and compelling reasons that warrant compassionate release.

Defendant's motion for reconsideration [546] is denied.

**SO ORDERED.**

                                                                           U.S.D.J.

Dated: Brooklyn, New York
       October 16, 2020