UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                                                           :   **MEMORANDUM**
              -against-                                    :   **DECISION AND ORDER**
                                                           :
MICHAEL BOLINO,                                            :   06-cr-806 (BMC)
                                                           :
                                        Defendant.         :
---------------------------------------------------------- X

**COGAN,** District Judge.

This case is before me on defendant's third motion in the last 2 1/2 years for compassionate release under 18 U.S.C. § 3582(c). He did not appeal the denial of his first motion, but the Second Circuit affirmed the denial of his second motion and his motion for reconsideration of that denial. United States v. Bolino, No. 20-3829, 2021 WL 3871262 (2d Cir. Aug. 31, 2021).

There is no prohibition on serial compassionate release motions in the statute, but logic suggests that there must be a material change in circumstances from a prior motion, beyond the mere passage of time, before the Court should consider a subsequent motion, both in determining whether there are extraordinary and compelling reasons or in re-balancing the factors in 18 U.S.C. § 3553(a). Otherwise, a subsequent motion would be nothing more than an untimely motion for reconsideration.

I am not seeing that change in circumstances here. The last motion was largely focused on defendant's co-morbidity factors with regard to COVID-19, but it included a full description of those co-morbidity factors. The record also included defendant's Bureau of Prisons medical records up to that point so that I could test defendant's self-description against those records.

Unlike the prior motion, the instant motion has no medical records, not even those generated since the time defendant filed his last compassionate release motion. Defendant and his counsel each make a conclusory assertion that there has been significant deterioration, referring to defendant's Parkinson's disease. But there is nothing to back that up, except a statement by defendant that his Parkinson's tremors require someone else to write for him, whereas in his prior motion, he asserted that he had to stabilize his right hand with his left due to the tremors. His counsel asserts, perhaps inconsistently, that defendant's letters to him "for the most part" have to be dictated, as "his handwriting is now worse than ever." I suppose, if I accept that representation as true, it is a deterioration, but it is not enough to warrant a different disposition than the one I made on his prior motion.

Defendant's counsel blames the absence of records on the BOP, asserting that "FOIA requests to the BOP are backlogged, but the Government can get his BOP records in full readily." However, this motion, although recently fully briefed, was filed more than two months ago. Counsel gives no indication that he has even filed an FOIA request, let alone a request at the institutional level pursuant to 28 C.F.R. § 513.42 and BOP Program Statement 1351.05, which often can be faster. Nor has he indicated that he requested the Government's assistance to get the records, and even now, he is not asking me for any help with that.

This is not to say that a showing of a material deterioration in defendant's condition would be sufficient to warrant compassionate release. But without those records, I cannot even get to the starting gate. See United States v. Star, No. 20-1999, 2022 WL 2165895 (2d Cir. June 16, 2022) (affirming denial of compassionate release because, *inter alia*, "[t]he actual severity of Star's medical conditions is unclear because he provided no records."). The burden of proof is on defendant to demonstrate extraordinary and compelling reasons for release, see United States

2

v. Ferranti, No. 95-cr-119, 2021 WL 768233, at *2 (E.D.N.Y. Feb. 25, 2021), and he has not met it.

      The motion for compassionate release is therefore denied.

**SO ORDERED.**

                                  Digitally signed by Brian M. Cogan
                                  U.S.D.J.

Dated: Brooklyn, New York
        July 2, 2022